## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DEVANTE HAROLD WALLACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-18-TLS |
| | ) | |
| SAVAGE RAIL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The Plaintiff, proceeding pro se, filed an Employment Discrimination Complaint [ECF No. 1], along with a Petition to Proceed Without Pre-Payment of Fees and Costs [ECF No. 2], on January 15, 2016. According to the Plaintiff's filings, he was terminated from his employment with the Defendant based upon an allegation that he had hidden several "brake sticks" and for drawing a brake stick on a refrigerator note along with the words "Wanda's Magic Stick." (Compl. 4.) The Plaintiff claims that he was terminated "without reason or notice." (*Id.* at 2.)

The federal statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to

pay such fees or give security therefor." § 1915(a). Here, the Plaintiff has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end here, however. In assessing whether the Plaintiff may proceed *in forma pauperis*, the Court must look to the sufficiency of the Complaint to determine whether it can be construed as stating a claim for which relief can be granted. § 1915(e)(2)(B)(ii). District courts have the authority under § 1915(e)(2) to screen complaints even before service of the complaint on the defendants and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *see also Butler v. City of Milwaukee*, 295 Fed. Appx. 838, 839–40 (7th Cir. 2008) (stating that it was "wholly within the district court's authority to dismiss sue sponte for failure to state a claim"). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under § 1915A applying the Rule 12(b)(6) standard).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face."*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court must accept as true all well-pleaded facts

and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. The Court notes that a "document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, the Plaintiff's Employment Discrimination Complaint invokes 42 U.S.C. § 1981, which prohibits race discrimination and retaliation in the making and enforcing of contracts. 42 U.S.C. § 1981(a) (providing that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens"); *Davis v. Time Warner Cable of Se. Wis., L.P.*, 651 F.3d 664, 671 (7th Cir. 2011) ("Section 1981 prohibits racial discrimination and retaliation against employees when a contractual relationship exists between the employer and employee."). However, nowhere in the Plaintiff's Employment Discrimination Complaint does he identify his race, or allege facts from which it can be inferred that he was terminated because of his race. Without such information, the Plaintiff has not stated a plausible claim for relief.[1]

For the foregoing reasons, the Court DENIES the Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] and DISMISSES the Complaint [ECF No. 1] WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Plaintiff has until **February 29, 2016**, to file an amended complaint, and to either pay the filing fee or renew his

---

[1]Even if the Plaintiff had identified Title VII as the statutory source of his claim instead of § 1981, the result would be the same. *See Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012) (noting that a claim of discrimination or retaliation under § 1981 is evaluated under the same standards as are applicable to claims under Title VII).

Petition to Proceed in District Court Without Prepaying Fees of Costs. If the Plaintiff files an amended complaint, he is DIRECTED to attach a copy of the charge of discrimination as directed in question 2 of the Employment Discrimination Complaint form.

SO ORDERED on February 1, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION